IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TYZICK JOSEPH WALL,

        Appellant,

v.                                        Case No. 5D16-3731

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed July 20, 2018

Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Edward Juan Lynum, of Lynum &
Associates, PLLC, Wildwood, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kellie A. Nielan, Assistant
Attorney General, Daytona Beach, for
Appellee.


PER CURIAM.

     Tyzick Joseph Wall appeals his convictions and sentences for second-degree

murder with a deadly weapon, robbery with a deadly weapon, and two counts of dealing

in stolen property.[1] Wall was under the age of eighteen when he committed these crimes.

---

[1] Wall was indicted jointly with his codefendant, Bryan Thomas Robinson, for the premediated first-degree murder of Stephen Gorney (Count One), robbery with a deadly

We affirm his convictions without further discussion but remand for resentencing on Count One, second-degree murder. We also remand for the trial court to amend the sentence on Count Two, robbery with a deadly weapon.

As to Wall's sentence on Count One, we reverse because Wall was entitled to a jury fact-finding on whether he "actually killed, intended to kill, or attempted to kill" Stephen Gorney.[2] See Williams v. State, 242 So. 3d 280, 288-89 (Fla. 2018) (citing Alleyne v. United States, 570 U.S. 99, 115 (2013)). We find that this error was not harmless beyond a reasonable doubt. See id. at 289-90. Because second-degree murder with a deadly weapon is a first-degree felony reclassified as a life felony under sections 775.087(1)(a) and 782.04(2), Florida Statutes (2015), Wall should have been sentenced under section 775.082(3)(b)2., Florida Statutes (2015). Williams specifies resentencing as though there had been a jury finding that Wall did not kill, intend to kill, or attempt to kill Gorney, rather than empanelment of a jury, as the remedy for this error. 242 So. 3d at 292-93. We, therefore, remand for resentencing on Count One pursuant to section 775.082(3)(b)2.b. See Williams, 242 So. 3d at 288-93. The trial court shall indicate in the sentencing document that Wall is eligible for sentence review on this count after fifteen years under section 921.1402(2)(c), Florida Statutes (2015). § 775.082(3)(b)2.b., c., Fla. Stat. (2015).

---

weapon (Count Two), and two counts of dealing in stolen property (Counts Three and Four).

[2] We note that Wall's second-degree murder conviction did not clearly include a finding by the jury that Wall actually killed Gorney due to the wording in the verdict form and jury instructions.

We also remand for the trial court to amend the sentence on Count Two, robbery with a deadly weapon, to reflect eligibility for sentence review after twenty years under section 921.1402(2)(d), Florida Statutes (2015). § 775.083(3)(c), Fla. Stat. (2015). In all other respects, we affirm.

AFFIRMED, in part; REVERSED, in part; and REMANDED with instructions.

ORFINGER, BERGER and EISNAUGLE, JJ., concur.